## HAYNES *v.* CALDERWOOD *et al.*

WHERE an action has been commenced to quiet title to a tract of land and to remove a cloud therefrom caused by certain deeds on record, and a *lis pendens* has been filed, one who purchases from the defendant during the pendency of the action, and after the *lis pendens* is filed, is bound by the judgment rendered therein.

*Gregory* v. *Haynes* (13 Cal. 592 and Id. 21, 443) affirmed.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

· The facts are stated in the opinion of the Court. (In connection with this case, see *Calderwood* v. *Tevis*, 23 Cal. 335.)

*David Calderwood*, for Appellants.

*R. C. & D. Rogers*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiff, who is in the possession of the property in question, claiming to be the owner in fee, against the defendants, who are claiming an adverse title thereto, to quiet his title, and to remove the cloud therefrom caused by certain deeds on record, under which the defendants claim adversely. It appears that one Wenborn, whose title has since been conveyed to the plaintiff, on the thirteenth day of May, 1854, commenced an action in the District Court against one Boston and others, to quiet his title to the premises. On the same day, he filed and had recorded in the Recorder's office a notice of the pendency of the action, in accordance with the provisions of Sec. 27 of the Practice Act. The plaintiff in that suit recovered judgment, which is unreversed.

It seems that during the pendency of that action, on the third day of June, 1854, the defendants therein executed and delivered to one D. Calderwood their quitclaim deed of the premises, and various subsequent deeds were made by D. Calderwood and those claiming under him, which are the deeds sought to be canceled by this action, as being a cloud upon the plaintiff's title. The main question therefore is, whether or not the defendants had actual or

constructive notice of the former suit of *Wenborn* v. *Boston et al.,* for it is clear that if they had, they are bound by the judgment rendered therein; the title thus derived from the Bostons cannot be set up against the title of the plaintiff, and the plaintiff is entitled to relief, by having the deeds under the Bostons canceled for the purpose of removing the cloud upon his title created by them.

The validity, force, and effect of the decree in the suit of *Wenborn* v. *Boston,* and of the *lis pendens* filed in that action, were fully sustained by this Court in the cases of *Gregory* v. *Haynes* (13 Cal. 592 and 21 Id. 443), and we see no good reason for overruling the points decided in those cases. The same questions are brought before us by the appellants in this case. It is sufficient to say that we affirm the judgments in those cases on these points. The defendants cannot attack that judgment or attempt to retry the issues therein determined in this collateral action. This disposes of all the material points assigned as error by the appellants.

The judgment is affirmed.